# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

DARYI SHEARER,                )
                              )
    Plaintiff,            )
                              )   **Case No.:**
  v.                          )
                              )   **COMPLAINT AND DEMAND FOR**
AIG DIRECT INSURANCE          )   **JURY TRIAL**
SERVICES, INC.,               )
                              )
    Defendant             )

## COMPLAINT

DARYI SHEARER ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., allege the following against AIG DIRECT INSURANCE SERVICES, INC.("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in York, Pennsylvania 170404.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a company with its principal place of business located at 9640 Granite Ridge Drive, Suite 200, San Diego, California 92123.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153 (39).

9. At all relevant times, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that he has had for more than one (1) year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in early March 2015, and continuing through July 2015, Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis, calling on average four (4) to five (5) times a day.

14. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and/or automatic and/or pre-recorded messages.

15. Defendant's automated messages identified itself as "AIG Direct Insurance Services."

16. Defendant's telephone calls were not made for "emergency purposes."

17. When the calls began in early March 2015, Plaintiff spoke with Defendant and advised a male representative to cease all communication to his cellular telephone, thereby revoking consent for future communication.

18. Defendant's representative acknowledged Plaintiff's revocation stating "Ok", yet Defendant persisted in contacting Plaintiff on his cellular telephone daily thereafter.

19. Also, Defendant called Plaintiff at inconvenient times either before 8:00 a.m. or after 9:00 p.m., as well as, every weekend.

20. Finally, on occasions in which Plaintiff hung up on Defendant, he would promptly receive a call back for purposes which can only be determined as a maneuver to annoy and harass Plaintiff.

21. Upon information and belief, Defendant conducts its business in a manner that violates the TCPA.

# DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

## COUNT I

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice and/or automatic telephone dialing system.

24. Defendant's calls to Plaintiff were not made for emergency purposes.

25. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent, particularly in early March 2015, at which point, he verbally revoked any previous consent given to call his cellular telephone.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DARYI SHEARER, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DARYI SHEARER, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 07-21-15                By: */s/ Craig Thor Kimmel*
                                    CRAIG THOR KIMMEL
                                    Attorney ID No. 57100
                                    Kimmel & Silverman, P.C.
                                    30 E. Butler Pike
                                    Ambler, PA 19002
                                    Phone: (215) 540-8888
                                    Fax: (877) 788-2864
                                    Email: kimmel@creditlaw.com