**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DARYI SHEARER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:15-cv-01416-CCC |
| ) | |
| **AIG DIRECT INSURANCE** ) | |
| **SERVICES, INC.** ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

Plaintiff, by and through his undersigned counsel, hereby submits the following proposed jury instructions. For ease of reference, Plaintiff first lists the general instructions from the Third Circuit model instructions by name and title:

**1. Preliminary Instructions For Use at Commencement of Trial and/or at End of Trial.**

    1.1   Introduction; Role of Jury

    1.2   Description of Case; Summary of Applicable Law  [Set forth in full below]

    1.3   Conduct of Jury

    1.4   Bench Conferences

    1.5   Evidence

    1.6   Direct and Circumstantial Evidence [Plaintiff prefers Option 2]

    1.7    Credibility of Witnesses

    1.10    Preponderance of the Evidence

    1.12    Description of Trial Proceedings

**3. General Instructions For Use At End of Trial**

    3.1    Deliberations

    3.2    Number of Witnesses


**Customized Jury Instructions:**

1. Description of case (based on 3rd Circuit Model 1.2) – Page 3

2. General TCPA statute – Page 4

3. Automatic Telephone Dialing System – Page 5

4. Consent – Page 6

5. Damages – Page 7

## 1.2  Preliminary Instructions  — Description of Case; Summary of Applicable Law

**Model**

In this case, <u>Daryi Shearer</u> claims that <u>AIG Direct Insurance Services, Inc. received automatically dialed telephone calls from Defendant without his consent</u>; <u>AIG</u> denies those claims <u>and claims that they did have consent to make automatically dialed calls to Plaintiff</u>.  I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.  But in order to help you follow the evidence, I will now give you a brief summary of the elements that <u>Mr. Shearer</u> must prove to make <u>his</u> case:

<u>Mr. Shearer must show that AIG made telephone calls to his cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice</u>.

**Underlined Material Added**

## TELEPHONE CONSUMER PROTECTION ACT GENERALLY

The Plaintiff has brought an action against AIG Direct for violation of the Telephone Consumer Protection Act of 1991, which for convenience I may refer to as the TCPA. Plaintiff claims that AIG Direct violated the TCPA by making telephone calls to Mr. Shearer's cellular telephone number using an "automated telephone dialing system" and/or using an artificial or prerecorded voice message without his prior express consent.

The TCPA provides, in relevant part:

> (1) It shall be unlawful for any person within the United States, or any person outside of the United States if the recipient is within the United States ---
>
> (A) To make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any other service for which the called party is charged for the call.

REFERENCE:
47 U.S.C. § 227(b)(1)(A)(iii).

## AUTOMATIC TELEPHONE DIALING SYSTEM

The term "automatic telephone dialing system" means equipment which has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention.

REFERENCE:
47 U.S.C. § 227(a)(1); *In re Rules & Regulations Implementing the TCPA*, 18 FCC Rcd. 14014, 14091–93 (FCC 2003) ("2003 FCC Order"); *In the Matter of Rules & Regulations Implementing the TCPA of 1991*, 23 F.C.C.R. 559, 556 ¶ 12 (Jan. 4, 2008) ("2008 FCC Order"); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 15391, 15399 n.5 (2012) ("2012 FCC Order"); *In re Rules and Regulations Implementing the TCPA of 1991*, Declaratory Ruling and Order, CG Docket No. 02–278, WC Docket No. 07–135, FCC 15–72, ¶¶ 10, 12-15, 2015 WL 4387780 (July 10, 2015) ("2015 FCC Order"); *Mais v. GulfCoast Collection Bureau, Inc.*, 768 F.3d 1110, 1121 (11th Cir. 2014).

## CONSENT

The TCPA does not prohibit telephone calls made with the prior express consent of the called party. Consent to call a cellular number is valid only if given by its current cellular subscriber or the customary user of the called number. The existence of prior express consent is an affirmative defense, on which AIG Direct bears the burden of proof.

Even if prior express consent is given, the called party has the right to revoke or take back their consent at any time thereafter. If the called party clearly expresses that they no longer wish to receive telephone calls then any prior express consent that may have existed is thereby cancelled from that date forward.

You must consider both of these issues in determining whether or not the calls AIG Direct made to Mr. Shearer had consent. If you find that there was appropriate express consent by Plaintiff for any of the calls at issue and that Plaintiff had not revoked such consent, then you must find for AIG Direct on each such call. However, if you find either that Plaintiff never gave prior express consent before a call or that Plaintiff had revoked his consent prior to a call, you must find for Plaintiff on each such call.

## DAMAGES

If you find the Defendant, AIG Direct, violated 47 U.S.C. § 227(b)(1)(A)(iii) of the TCPA, then the Defendant, AIG Direct, shall be liable for statutory damages, and you should determine the number of times Defendant AIG Direct violated the TCPA.

If you find that the Defendant, AIG Direct, violated the TCPA, then you should also determine whether AIG Direct willfully or knowingly violated the TCPA by making calls to Plaintiff Daryi Shearer's cellular telephone number with knowledge that the calls were placed using an automated telephone dialing system and with knowledge that the calls were placed without Plaintiff's prior express consent or after Plaintiff revoked, terminated or withdrew consent.

If you find that Defendant, AIG Direct, willfully or knowingly violated the TCPA, then you should determine the number of times AIG Direct made such calls that willfully or knowingly violated the TCPA.

REFERENCE:
47 U.S.C. § 227 (b)(3); *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1107 (11th Cir. 2015)